**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BOARD OF TRUSTEES OF UNITE HERE HEALTH, <br><br> Plaintiff, <br><br> vs. <br><br> NORA A. AGUILAR, *et al.*, <br><br> Defendants. | Case No. 2:16-cv-02501-RFB-GWF <br><br> **ORDER** |

This matter is before the Court on Plaintiff's Motion to Strike and Opposition to Responsive Pleadings (ECF No. 88), filed on February 24, 2017. To date, no party has filed an opposition to this motion and the time for opposition has now expired.

## BACKGROUND AND DISCUSSION

On October 26, 2016, Plaintiff filed a complaint alleging claims for restitution, fraudulent misrepresentation, fraudulent concealment, fraud, negligent misrepresentation, conversion and unjust enrichment. *Complaint* (ECF No. 1). Plaintiff has served or is attempting service on all named defendants. On January 14, 2017, Plaintiff completed service of process on Defendant Manuel Martinez ("Martinez"). *Summonses Returned Executed* (ECF No. 43). On January 18, 2017, Martinez filed a copy of the summons and the first page of the complaint with the words "Refused to take it," "Delivered to the wrong person," and "Erroneously Delivered" written across the pages. *See* ECF No. 42. The Clerk's office labeled this document "Summons Returned Unexecuted."

On February 4, 2017, Plaintiff completed service of process on Defendant Malolis Munguia ("Munguia"). *Summonses Returned Executed* (ECF No. 62). On February 8, 2017, Munguia filed a document which was labeled by the Clerk's office as "Notice of Non-Acceptance of Offer to

Contract and Non-Consent to Proceedings." *See* ECF No. 61.  This document stated, among other things, that Munguia was "not obligated to comply with the private corporate statutes that compel and regulate this body" and that she did not "ACCEPT THIS OFFER TO CONTRACT" or "CONSENT TO THESE PROCEEDINGS." *Id.*  Munguia sent this same document with a copy of the summons stamped with the phrase "I do not accept this offer to contract and do not consent to these proceedings" to the Court on February 13, 2017.  This time, the Clerk's office docketed the document as an answer to Plaintiff's complaint. *Answer* (ECF No. 70).  Once the document was docketed as a answer, Munguia began to receive courtesy copies of all court filings.  In response to a Minute Order (ECF No 68) issued by the Court, Munguia filed another document that was labeled as a "Notice of Non-Consent to Proceedings." *See* ECF No. 79.  This document states the following:

> 1. There has been no proof present to Me 'supported by evidences' of the legality of this case
> 2. I have NOT received your bond
> 3. I am NOT your defendant
> 4. I am a woman of flesh and blood living human being
> 5. I am NOT a resident of Clark County
> 6. I am NOT a resident of the state of Nevada
> 7. I am NOT within your 'Jurisdiction'

*Id.*

Plaintiff seeks an order from the Court striking Defendants' filings on the grounds that they do not comply with Rule 8 of the Federal Rule of Civil Procedure.  In the alternative, Plaintiff requests that the Court deny Defendants' filings if the Court's deems them responsive pleadings because this Court has both subject matter and personal jurisdiction over Defendants despite Defendants' argument to the contrary.

Documents filed by a pro se litigant are interpreted less stringently than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972); *see also United States v. Funds from Prudential Securities*, 362 F.Supp.2d 75, 82 (D.D.C.2005).  However, "the less stringent standards for pro se litigants does not allow them to simply disregard the applicable Local and Federal Rules of Civil Procedure or render the court the decision-maker of what claims a [litigant] may or may not want to assert." *Funds from Prudential Securities*, 362 F.Supp.2d at 82.  Rule 8 of the Federal Rules of Civil Procedure instructs a responding party to state in short and plain terms its defenses to each claim asserted against it and to admit or deny the allegations asserted against it.  Fed.

R. Civ. P. 8(b)(1)(A)-(B). Under Rule 8, averments in a complaint are admitted when not denied in a responsive pleading. Fed. R. Civ. P. 8(b)(6).

At this point, there has only been one filing labeled an "answer." *See* ECF No. 70. This filing, however, cannot be considered a responsive pleading. Other courts in this circuit have found similarly. For instance, in *United States v. Eckwortel*, the court found in favor of entering default judgment against the defendants who responded to the plaintiff's complaint by filing a "Notice of Non Acceptance of Offer." 2009 WL 262120, at *1 (D. Idaho Feb. 4, 2009). This "notice" contained the following handwritten statements: "I do not accept this offer; I do not consent to these proceedings; I do not consent to act as surety," and demanded Identification and Credentials Quo Warranto from the plaintiff. *Id.* The court found that the notice and associated statements did not actually deny any of the allegations in the complaint, even when viewed in the light most favorable to the pro se defendants. The same rationale holds true in the case at hand. Munguia's filing, labeled as an answer (ECF No. 70) does not actually deny or admit any of the allegations made in Plaintiff's complaint as required by Rule 8. Therefore, ECF No. 70 must be striken from the record.

The other documents addressed in Plaintiff's motion have not been labeled as an "answer" on the docket but Plaintiff is concerned that these documents could be construed as responsive pleadings despite their title. Therefore, the Court will address them in turn. First, on January 18, 2017, Martinez filed what has been labeled "Summons Returned Unexecuted." ECF No. 42. This document cannot be deemed a responsive pleading because it does not actually admit or deny any allegations in the complaint. Rather, it shows that Martinez did receive the summons and complaint and arguably shows that he knows he must respond to it. Second, on February 8, 2017, Munguia filed a "Notice of Non-Acceptance of Offer to Contract and Non-Consent to Proceedings." ECF No. 61. This is the same document the Court addressed above that was labeled as an answer when filed the second time. The only difference being that Plaintiff attached what appears to be a copy of 15 U.S.C § 1692 and the entire complaint. The additional attachments do no alter the Court's finding that this document is not and cannot be deemed a responsive pleading. Lastly, on February 21, 2017, Munguia filed a second "Notice of Non-Consent to Proceedings." ECF No. 79. This document arguably appears to question the Court's jurisdiction over Munguia and these proceedings. However, it was

not properly filed as a motion to dismiss and the Court declines to view it as such. If Munguia sought to dismiss this case based on a lack of jurisdiction, she should have filed a proper motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure.[1] Based on the foregoing, the Court will strike ECF Nos. 42, 61, and 79 from the record. These are not responsive pleadings and serve no purpose in this case. However, because Defendants Martinez and Munguia could arguably have believed that they properly responded to Plaintiff's complaint, the Court will allow Defendants fourteen (14) days from the date of this order to file an appropriate answer or motion to dismiss. Failure to do so will result in Defendants' defaults being entered. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike and Opposition to Responsive Pleadings (ECF No. 88) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to strike ECF Nos. 42, 61, 70 and 79 from the record.

**IT IS FURTHER ORDERED** that Defendants Martinez and Munguis shall have until **April 5, 2017** to file an answer or motion to dismiss that fully complies with the Federal Rules of Civil Procedure.

DATED this 22nd day of March, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

---

[1] Federal Rule of Civil Procedure 12(a)(1)(A)(i) provides that a defendant must serve a responsive pleading (either an answer or a motion to dismiss) within 21 days after being served with the summons and complaint. Martinez was served on January 14, 2017 and Munguia was served on February 12, 2017. *See* ECF Nos. 43 and 62, respectively. Therefore, the time for Munguia and Martinez to file a responsive pleading has passed.