UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BOARD OF TRUSTEES OF UNITE HERE HEALTH, <br><br> Plaintiff, <br><br> v. <br><br> NORA A. AGUILAR, *et al.*, <br><br> Defendants. | Case No. 2:16-cv-02501-RFB-GWF <br><br> **ORDER** |

## I. INTRODUCTION

Before the Court are five motions: Plaintiff Board of Trustees of Unite Here Health's Motion for Writ of Execution Myesha Johnson (ECF No. 537) and four Motions for Judgment by Confession (ECF Nos. 538, 539, 540, 541).

For the reasons discussed below, the Court grants the motions.

## II. MOTIONS FOR JUDGMENT BY CONFESSION

### a. Legal Standard

As an initial matter, because the operative complaint invokes federal question jurisdiction pursuant to § 502(e)(1) of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. §1132(e)(1) the instant judgment by confessions are based on federal law and "federal law controls with respect to both substance and procedure." Retail Clerks Union Joint Pension Tr. v. Freedom Food Ctr., Inc., 938 F.2d 136, 137 (9th Cir. 1991). Generally, a judgment by confession (alternatively called a confession of judgment, confessed judgment, or cognovit note) is an "ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment

without notice or hearing." D.H. Overmyer Co. v. Frick Co., 405 U.S. 174, 176 (1972). United States district courts have jurisdiction to render judgments by confession. See Bowles v. J.J. Schmitt & Co., 170 F.2d 617, 620-21 (2d Cir. 1948); see also 46 Am. Jur. 2d Judgments § 216. Moreover, it "is a product of state law and has no counterpart in the Federal rules." J.D. Holdings, LLC v. BD Ventures, LLC, 766 F. Supp. 2d 109, 113 (D.D.C. 2011) (citing FDIC v. Deglau, 207 F.3d 153, 159 (3d Cir. 2000)). As such,"[f]ederal courts may follow the state law's procedures for obtaining confessed judgments." Fed. Deposit Ins. Corp. v. Yarrington, No. 13-CV-89-S, 2013 WL 11866198, at *1 (D. Wyo. June 13, 2013) see, e.g., Blue Sunsets, LLC v. Kontilai, No. 2:18-CV-90, 2020 WL 1148563, at *1 (D. Nev. Mar. 9, 2020) (considering and granting motion for judgment by confession based on Nevada law).

Nevada permits confessions of judgment. Nev. Rev. Stat. ("NRS") § 17.090; see generally Coast to Coast Demolition & Crushing, Inc. v. Real Equity Pursuit, LLC, 226 P.3d 605, 606 (Nev. 2010) (providing background on Nevada's confessions of judgment statute). Specifically, "[e]xcept as otherwise provided by law, a judgment by confession may be entered without action, either for money due or to become due or to secure any person against contingent liability on behalf of the defendant, or both, in the manner prescribed by this section and NRS 17.100 and 17.110." NRS § 17.090. As such, when parties move for confessions by judgment, they must obtain a "statement in writing," "signed by the defendant and verified by his or her oath," the following:

> 1. It shall authorize the entry of judgment for a specified sum.
> 2. If it be money due, or to become due, it shall state concisely the facts out of which it arose, and shall show that the sum confessed therefor is justly due, or to become due.
> 3. If it be for the purpose of securing the plaintiff against a contingent liability, it shall state concisely the facts constituting the liability, and shall show that the sum confessed therefor does not exceed the same.

NRS § 17.100. "NRS 17.110 addresses entry of the confessed judgment on the clerk's judgment roll." Coast to Coast Demolition & Crushing, Inc., 226 P.3d at 607.

### b. Discussion

In this action, the Board of Trustees (fiduciaries) of Unite Here Health ("UHH"), an ERISA

welfare plan, asserts multiple legal theories in support of its effort to recover the value of benefits that certain Defendants improperly caused UHH to pay. Defendants are current or former participants in UHH's benefit plan and their ex-spouses. According to Plaintiff these Defendants, either by omission, or by actively misleading UHH, often in writing, caused UHH to pay dependent spouse benefits after the Defendants had divorced and lost eligibility for benefits, thereby obtaining the benefits in violation of the governing terms of UHH's ERISA Plan Documents.

### i. First Motion for Judgment by Confession

After Defendants Carlos Munoz and Melanie Munoz agreed to a judgment amount and settlement payment plan with Plaintiff, the parties filed a Stipulation and Order to Dismiss Defendants from this case without prejudice, which the Court granted. The judgment amount was $13,623.61. The Court would also retain jurisdiction to take further action in the event Defendants failed to remit to Plaintiff all payments promised to it. The Parties agreed that Defendants' failure to satisfy any of the conditions set forth in the Stipulation, and particularly the payment obligations it imposed, constituted an event of default. The Parties agreed that in the event of a default, the judgment amount would be increased to include (1) interest accrued at the rate of seven percent per annum from the date of default (as that term is defined under the Stipulation) until paid in full, (2) the amount of all reasonable costs and attorney's fees expended in collecting said judgment by execution, or otherwise, as established by affidavit. The Parties also agreed that the judgment amount would be reduced by any sums paid by Defendants toward the judgment amount. Defendants failed to make any payments after June 29, 2021, and therefore are currently in default. Plaintiff notified them, demanding they cure the default, to no avail. This instant motion for judgment by confession follows.

The Court finds that the confession of judgment Plaintiff attaches to the instant motion complies with NRS § 17.100. First, Defendants signed the confession verified by their oath. Second, the confession of judgment authorizes judgment for a specified sum of money. Specifically, it states that Defendants are liable for: (1) a $13,623.61 judgment amount, (2) post-judgment interest accrual on the judgment amount balance at the rate of seven percent per annum from the date of default, and (3) reasonable costs and attorney's fees expended in collecting said

Judgment by execution, or otherwise, as shall be established by affidavit; but which (4) shall, as applicable, be reduced by any amount paid by Defendants toward the judgment amount. To this end, Plaintiff's motion attaches a declaration seeking the following specified sum of $11,927.42, based on the stipulation for entry of judgment by confession:

- $8,991.43 as the base judgment amount, crediting $4,632.18 for Defendants' payment to Plaintiff since February 2017; plus
- $935.99 in interest accrued through February 2, 2023 at the rate of 7% per annum (and continuing to accrue until paid in full); plus
- reasonable attorney's fees in the amount of $2,000 incurred by Plaintiff to obtain the Judgment required by the Stipulation, the Confession of Judgment, and the related papers signed by Defendant.

Third, confession of judgment concisely states that this money due arose from Defendants' conduct receiving fringe benefits from Plaintiff after failing to provide Plaintiff with notice of Defendants' divorce and ineligibility. Finally, it shows the sum is justly due because Defendants defaulted on their payment. Further, the confession incorporates by reference the stipulation for entry of judgment by confession which states that the judgment amount, plus interest accrual, and reasonable attorney's fees would be due in the event of a default.

Accordingly, this judgment by confession complies with NRS § 17.100 and is entered without action pursuant to NRS § 17.090.

        ii.   <u>Second Motion for Judgment by Confession</u>

On February 3, 2017, Defendants Martha Castellon and Sergio Sepulveda filed a Stipulation and Order to Dismiss Defendants from this case without prejudice after they entered into a written agreement to make monthly payments to satisfy a judgment amount. The Court granted this stipulation. ECF No. 54. Defendants made a similar agreement as the Muñozes. Their judgment amount was $14,133.59. They defaulted after failing to make any payments after September 26, 2017. To date, they have only paid $1,272 toward the judgment amount. Plaintiff attempted to notify Defendants of their default as late as January 18, 2023, but it has received no response.

The Court finds that Defendants' confession of judgment, which Plaintiff attaches to the instant motion complies with NRS 17.100. ECF No. 539-2. Defendants signed it verified by their oath. The confession authorizes judgment for a specified sum of money. Specifically, it states that Defendants are liable for: (1) a $14,133.59 judgment amount, (2) post-judgment interest accrual on the judgment amount balance at the rate of seven percent per annum from the date of default, and (3) reasonable costs and attorney's fees expended in collecting said Judgment by execution, or otherwise, as shall be established by affidavit; but which (4) shall, as applicable, be reduced by any amount paid by Defendants toward the judgment amount. To this end, Plaintiff's motion attaches a declaration seeking the following specified sum of $19,693.68, based on the stipulation for entry of judgment by confession:

- $12,861.60 as the base judgment amount, crediting $1,272 for Defendants' payment to Plaintiff since February 2017; plus
- $4,832.08 in interest accrued through January 30, 2023 at the rate of 7% per annum (and continuing to accrue until paid in full); plus
- reasonable attorney's fees in the amount of $2,000 incurred by Plaintiff to obtain the Judgment required by the Stipulation, the Confession of Judgment, and the related papers signed by Defendants.

Additionally, the confession of judgment concisely states that this money due arose out of Defendants' conduct receiving fringe benefits from Plaintiff after failing to provide Plaintiff with notice of Defendants' divorce and ineligibility. Finally, it shows the sum is justly due because defendants defaulted on their payment. Further, the confession of judgment incorporates the stipulation for entry of judgment by confession which states that the judgment amount, plus interest accrual, and reasonable attorney's fees would be due in the event of a default.

Therefore, this confession of judgment also complies with NRS § 17.100 and is entered without action pursuant to NRS § 17.090.

                iii.   <u>Third Motion for Judgment by Confession</u>

Like the other Defendants, Defendant Roberto Flores executed a stipulation, judgment, and settlement payment plan where he agreed to pay his own judgment amount of $6,150.89. To do

so, he filed a stipulation to dismiss this case without prejudice like the other Defendants on February 24, 2017, which the Court granted on February 27, 2017. He defaulted after failing to make any payments after June 1, 2020. To date, he has only paid $525 toward the judgment amount. Plaintiff attempted to notify Defendant of his default as late as January 20, 2023, but it has received no response.

Like the others, the Court finds that Defendant's confession of judgment, which Plaintiff attaches to the instant motion complies with NRS § 17.100. Defendant signed it verified by his oath. The confession authorizes judgment for a specified sum of money. Specifically, it states that Defendants are liable for: (1) a $6,150.89 judgment amount, (2) post-judgment interest accrual on the judgment amount balance at the rate of seven percent per annum from the date of default, and (3) reasonable costs and attorney's fees expended in collecting said Judgment by execution, or otherwise, as shall be established by affidavit; but which (4) shall, as applicable, be reduced by any amount paid by Defendants toward the judgment amount. To this end, Plaintiff's motion attaches a declaration seeking the following specified sum of $7,946.79, based on the stipulation for entry of judgment by confession:

- $5,010.80 as the base judgment amount, providing Defendant with proper credits to which Defendant is entitled to, including payments made to Plaintiff since February 2017; plus
- $935.99 in interest accrued through January 30, 2023 at the rate of 7% per annum (and continuing to accrue until paid in full); plus
- reasonable attorney's fees in the amount of $2,000 incurred by Plaintiff to obtain the Judgment required by the Stipulation, the Confession of Judgment, and the related papers signed by Defendant.

Additionally, the confession of judgment concisely states that this money due arose out of Defendant's conduct receiving fringe benefits from Plaintiff after failing to provide Plaintiff with notice of Defendants' divorce and ineligibility. Finally, it shows the sum is justly due because Defendants defaulted on their payment. Further, the confession of judgment incorporates the stipulation for entry of judgment by confession which states that the judgment amount, plus interest

accrual, and reasonable attorney's fees would be due in the event of a default.

Thus, this judgment by confession complies with NRS § 17.100 and is entered without action pursuant to NRS § 17.090.

### III.  CONCLUSION

**IT IS ORDERED** that MOTION for the Writ of Execution Myesha Johnson (ECF No. 537) is **DENIED** without prejudice. On October 6, 2020, the Clerk of Court entered a third amended judgment in the amount of $4,018.13 against Defendants Myesha Johnson and Robert White. ECF No. 441. On June 18, 2021, Plaintiff filed a motion for writ of execution seeking satisfaction of this judgment amount against Defendant Johnson. ECF No. 501. Three days later the Clerk issued the writ. ECF No. 502. On December 2, 2022, Plaintiff filed another motion for writ of execution against Defendant Johnson —the instant motion for writ of execution. ECF No. 537. Plaintiff may file a new motion for writ of execution with the affidavit and proposed writ of execution against Defendant Johnson. Plaintiff shall file a supplement clarifying the difference between the motion already granted and the renewed motion.

**IT IS FURTHER ORDERED** that the MOTION for Judgment by Confession (ECF No. 538) is **GRANTED**.

**IT IS FURTHER ORDERED** that the MOTION for Judgment by Confession (ECF No. 539) is **GRANTED**.

**IT IS FURTHER ORDERED** that the MOTION for Judgment by Confession (ECF No. 540) is **DENIED** as moot, as Plaintiff withdrew the motion. See ECF No. 542.

**IT IS FURTHER ORDERED** that MOTION for Judgment by Confession (ECF No. 541) is **GRANTED**.

**DATED:** September 25, 2023

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**